OFFICE OF THE ATTORNEY GENERAL OF TEXAS
AUSTIN

Gerald C. Mann
Attorney General

Honorable E. L. Shelton
County Auditor
Johnson County
Cleburne, Texas

Dear Sir:                    Opinion No. O-4452

                    Re: Elections - voters - residence

        Your request for opinion has been received and care-
fully considered by this department. We quote from your request
as follows:

        "Can a person who has lived in one County all his
    life and has property in that county and in April 1941
    moved out of the county and stayed until February 19,
    1942, yet paid his taxes including his poll tax in that
    county vote in the July primary?

        "To illustrate:

        "A man left Johnson County in April 1941 and moved
    to Travis County, but paid his taxes as above indicated,
    in Johnson County including his poll tax, and returned
    to his home in Johnson County February 19, 1942, will he
    be allowed to vote in the July primary?"

        As we view your question under the facts related you
desire to know whether or not the party inquired about meets the
residence requirements of the Constitution and statutes in order
to be a qualified voter in the July, 1942, primary in Johnson
County, Texas. We assume and understand from your letter that
the party duly and properly paid his poll tax in Johnson County
to vote at said election.

        Our State Constitution, Article 6, Section 2, provides
in part as follows:

        "Every person subject to none of the foregoing dis-
    qualifications, who shall have attained the age of 21

years and who shall be a citizen of the United States and who shall have resided in this state one year next preceding the election and the last six months within the district or county in which such person offers to vote, shall be deemed a qualified elector. . ."

Article 2955, Vernon's Annotated Civil Statutes, contains the exact wording as set out above in the Constitution.

Article 2958, Vernon's Annotated Civil Statutes, defines the term "residence" as applicable to voting requirements and provides in part as follows:

"The 'residence' of a single man is where he usually sleeps at night; that of a married man is where his wife resides, or if he be permanently separated from his wife, his residence is where he sleeps at night; provided that the residence of one who is an inmate or officer of a public asylum or eleemosynary institute, or who is employed as a clerk in one of the departments of the government at the capitol of this State, or who is a student of a college or university, unless such officer, clerk, inmate or student has become a bona fide resident citizen in the county where he is employed, or is such student, shall be construed to be where his home was before he became such inmate or officer in such eleemosynary institution or asylum or was employed as such clerk or became such student;
. . ."

The term "resident", like "citizen" and "domicile", is not always capable of precise definition, but may in different circumstances be used in different senses.

The following rule is set out in 19 Corpus Juris 407, Sec. 19, concerning the effect of absence on one's home or domicile:

"If a person leaves his home or domicile for a temporary purpose with an intention to return, there is no change of domicile."

This rule is further substantiated by the case of Sabriego, et ux, v. White, 30 Tex. 585, in which the court made the following statement:

"The original domicile is not changed even by a long absence if there is any intention of returning."

Honorable E. L. Shelton, page 3

We quote from conference opinion No. 2977, dated January 10, 1936, Attorney General Reports 1934-1936, p. 11, directed to Dr. H. Y. Benedict, as follows:

"What is the residence status, under the terms of the statute referred to (tuition fee statute) of students who are minor children of American citizens who live in Mexico or some other foreign country? May those students be classified as residents of the foreign country in which their parents are living or should these students be classified as residents of the specific state in which the parents had legal residence at the time they moved to the foreign country? Does the length of time the parent has lived in the foreign country have any bearing on the student's residence classification?

"The residence status under the terms of the statute referred to of students who are minor children of American citizens who live in Mexico or some other foreign country is a fact question determined largely by the intention of the father of the children. The fact that they are living in Mexico, in our opinion, would not prevent them from being classified as residents of Texas if when they moved to Mexico their intention was to return and they did not abandon their intention after the move. The determination of this question is largely a matter of fact governed by the intention of the father of the children. The length of time the parent has lived in the foreign country does not have any bearing on the student's residence qualifications."

You do not state in your letter whether the party's residence or stay in Travis County was intended to be temporary or permanent and whether the party intended to return to Johnson County. However, your letter discloses that such stay in Travis County was temporary and that said party did return to Johnson County, Texas.

If said party intended his removal to Travis County merely temporary and intended to return to Johnson County, it is our opinion that he was at all times material hereto a legal resident of Johnson County and assuming him to be a qualified voter in all other respects he would be entitled to vote in the July, 1942, primary.

If on the other hand he moved to Travis County with the intention of establishing a bona fide residence there with

no intention of returning to Johnson County he would not be entitled to vote in the July, 1942, primary in Johnson County, because he would not have been a resident of Johnson County, Texas, six months next preceding the July, 1942, primary election.

The question will be governed to a large extent by the intention of the party. This question often arises with employees of the State residing in Austin. Many of these State employees have become bona fide residents of Austin, paying their poll taxes there, intending to remain, and therefore vote in Austin. Others, although renting quarters in Austin, Travis County, are in truth and in fact residents of other counties in Texas, intending to return there, and evidence such intentions by paying their poll taxes in such counties and in other ways, and vote in the counties of their legal residence.

We also enclose a copy of opinion No. 0-3313 of this department passing on a question somewhat similar.

Very truly yours

ATTORNEY GENERAL OF TEXAS

/s/ Wm. J. Fanning

By

Wm. J. Fanning
Assistant

WJF:GO:fb
Enclosure

APPROVED APR. 23, 1942

/s/ Zollie C. Steakley (Acting)

ATTORNEY GENERAL OF TEXAS

Approved, Opinion Committee
By: BWB, Chairman